# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# TRENTON DIVISION

| | |
|---|---|
| **IN RE: SUBPOENA TO OPTUM, INC.** | Misc. Action No. _____ |
| **Movant: Envision Healthcare Operating Inc.** | ORAL ARGUMENT REQUESTED |
| *Underlying Action* | |
| ENVISION HEALTHCARE OPERATING, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC. and UNITED HEALTHCARE INSURANCE COMPANY<br><br>Defendants. | Related Case Nos.: 3:22-cv-00693 (M.D. Tenn.) & 3:22-cv-00697 (M.D. Tenn.) |

## **DECLARATION OF ERIC W. MORAN**

I, Eric W. Moran, Esq., being of full age, hereby certify pursuant to 28 USC § 1746 as follows:

1. I am a member of the New Jersey Bar and am admitted to practice in the United States District Court for the District of New Jersey. I am an attorney at

the law firm of Epstein Becker & Green, P.C., and counsel for Plaintiff/Defendant Envision Healthcare Operating, Inc. and Defendant Envision Physician Services, LLC (collectively, "Envision") in the underlying cases giving rise to this action. As such, I have firsthand knowledge of the facts set forth in this Declaration.

2. I submit this Declaration in further support of Envision's Motion to Compel Non-Party Optum, Inc. ("Optum") to produce the documents and information requested in the subpoena *duces tecum* Envision served upon Optum.

3. The third-party subpoena *duces tecum* was served upon Optum on October 30, 2023 (the "Subpoena"). Attached to this Declaration as **Exhibit A** is a true and correct copy of the Subpoena and proof of service of the same.

4. Envision served Plaintiffs United Healthcare Services, Inc. and UnitedHealthcare Insurance Company (collectively "United") with contemporaneous notice of its service of the Subpoena to Optum. A true and correct copy of the October 27, 2023, email from Kevin T. Elkins, Esq., to counsel for United notifying them that service of the Subpoena would be made upon Optum is attached to this Declaration as **Exhibit B**.

5. Optum served its responses and objections to the Subpoena on December 13, 2023, together with a cover letter from Optum's counsel. A true and correct copy Optum's December 13, 2023 letter and Optum's objections and responses to the Subpoena are attached to this Declaration as **Exhibit C**.

6. In its December 13th letter, Optum asserted, *inter alia*, that the Subpoena was "an improper attempt to circumvent party discovery between United and Envision that is already underway." (*See* Ex. C at 2).

7. On April 23, 2024, counsel for Envision engaged in a telephonic meet-and-confer with Optum's counsel in a good faith effort to resolve Optum's objections to the Subpoena without judicial intervention (the "April 23rd Call").

8. During the April 23rd Call, counsel for Optum maintained the position that Optum would not respond to the Subpoena because to do so would "circumvent party discovery already underway."

9. During the April 23rd Call, when asked about Optum's corporate relationship with United, counsel for Optum stated "it depends," and that it was "not a clean answer." Optum's counsel further stated that Optum is an "affiliate" of United through UnitedHealth Group, Inc., but that Optum is a separate entity that "operates separately" and that Optum is "not a subsidiary of UHC, or vice versa." Counsel characterized Optum as a "vendor" of United whose tools are "purportedly used" by United.

10. In testimony before the United States Senate Finance Committee dated May 1, 2024, UnitedHealth Group Chief Executive Officer Andrew Witty testified that United and Optum are "distinct and complementary businesses." A true and correct copy of Mr. Witty's testimony, dated May 1, 2024, retrieved from the United

Case 3:24-cv-01081   Document 3   Filed 08/20/24   Page 3 of 8 PageID #: 40

3

States Senate Committee on Finance's Website[1] is attached to this Declaration as **Exhibit D**.

11. During the April 23rd Call, Optum's counsel stated that he was unaware that, in United's Initial Disclosures, United identified Jaclyn Miller, a Senior Director of the Growth and Solutions Delivery Team at Optum, as an individual likely to have discoverable information, and that United further instructed Envision to contact Ms. Miller through counsel for United. A true and correct copy of United's Initial Disclosures, dated November 17, 2022, is attached to this Declaration as **Exhibit E**.

12. During the April 23rd Call, Optum's counsel stated that he was unaware that the Verification to United's initial Objections and Responses to Envision's First Set of Interrogatories, dated October 6, 2023, and the Verification to United's First Supplemental Objections and Responses to Envision's First Set of Interrogatories, dated June 4, 2024, were signed by Optum employees. A true and correct copy of the Verification to United's initial Objections and Responses to Envision's First Set of Interrogatories, dated October 6, 2023, is attached to this Declaration as **Exhibit F**, and a true and correct copy of the Verification to United's First Supplemental

---

[1] https://www.finance.senate.gov/imo/media/doc/0501_witty_testimony.pdf; retrieved on August 20, 2024.

Objections and Responses to Envision's First Set of Interrogatories, dated June 4, 2024, is attached to this Declaration as **Exhibit G**.

13. During the April 23rd Call, when asked if Optum's documents would be available in party discovery, counsel for Optum stated "I don't know" and that that would be a "question for United."

14. During the April 23rd Call, Optum's counsel stated that Optum would not respond to discovery requests issued pursuant to Federal Rules of Civil Procedure 33 or 34 because Optum was "not a party" to the matter.

15. During the April 23rd Call, Optum's counsel asserted that Optum was not obligated to respond to the Subpoena until Envision and United completed the meet-and-confer process and came to a conclusion on the parameters of party discovery.

16. During the April 23rd Call, Optum's counsel also stated that United is the best party to confirm what documents and information United has access to through Optum's system, whether United has the documents Envision seeks, and, if United does not have the documents, that Optum would "backfill in [documents] but only after a court determination of what is or is not discoverable in the first place."

17. Following the April 23rd Call, Optum's counsel sent a letter to counsel for Envision on May 24, 2024, a true and correct copy of which is attached to this Declaration as **Exhibit H**.

5

Case 3:24-cv-01081   Document 3   Filed 08/20/24   Page 5 of 8 PageID #: 42

18. In its May 24th letter, Optum continued to maintain its position that the requests in the Subpoena "appear to be premature" and "appear to be otherwise obtainable from [United]." (*See* Ex. G).

19. On June 3, 2024, Envision sent a letter in response to Optum's May 24th letter. A true and correct copy of Envision's June 3, 2024 letter is attached to this Declaration as **Exhibit I**.

20. In its June 3rd letter, Envision noted that Optum failed to address key inquiries that were discussed during the April 23rd Call and advised Optum that it intended to initiate a miscellaneous action to compel Optum's compliance with the Subpoena if Optum maintained its blanket refusal to produce any documents. (*See* Ex. H).

21. On June 11, 2024, Optum sent a letter in response to Envision's June 3rd letter. A true and correct copy of Optum's June 11, 2024 letter is attached to this Declaration as **Exhibit J**.

22. In its June 11th letter, Optum maintained its position that the "key 'outstanding' issue is that the Subpoena improperly requests documents that can be obtained from United" and continued to assert that Optum is, at most, only obligated to produce "relevant and discoverable documents . . . that United has been unable to produce." (*See* Ex. J).

23. On July 1, 2024, Envision issued a response letter as a final attempt to resolve the dispute before seeking judicial intervention. A true and correct copy of Envision's July 1, 2024 letter is attached to this Declaration as **Exhibit K**.

24. On July 2, 2024, Envision served a letter to United requesting clarification regarding how United intends to collect and produce responsive documents in this litigation and the role Optum will play in United's document collection. A true and correct copy of Envision's July 2, 2024 letter to United is attached to this Declaration as **Exhibit L**.

25. In a letter dated August 12, 2024 but received by counsel for Envision on August 13, 2024, United responded to Envision's July 2, 2024 letter. Attached to this Declaration as **Exhibit M** is a true and correct copy of United's letter in response to Envision's July 2, 2024 letter (Ex. L).

26. Further complicating the role Optum will play in party discovery, in a letter dated June 7, 2024, United identified six individuals affiliated with Optum as likely custodians of relevant electronically stored information. Attached to this Declaration as **Exhibit N** is a true and correct copy of United's June 7, 2024 letter.

27. Attached to this Declaration as **Exhibit O** is a true and correct copy of United's Responses to Envision's First Set of Requests for Production.

28. As of the date of this declaration, Optum has not responded to Envision's July 1st letter.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 20, 2024 By: */s/ Eric W. Moran*