# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

| | | |
|---|---|---|
| Envision Healthcare Corporation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:22-cv-00693 |
| United Healthcare Services, Inc. and United Healthcare Insurance Company | ) ) ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Optum, Inc. c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Epstein Becker & Green, P.C. 150 College Road West, Suite 301 Princeton, NJ 08540 | Date and Time: November 20, 2023 by 5:00 p.m. ET |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Envision Healthcare Corporation _____, who issues or requests this subpoena, are:

Kevin T. Elkins, Esq., Epstein Becker & Green, P.C., 1222 Demonbreun Street, Suite 1400, Nashville, TN 37203

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:22-cv-00693

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Schedule A**

**DEFINITIONS**

As used herein, unless specifically indicated otherwise, the following terms shall have the following indicated meanings:

1. "All" means "one, some, and every."

2. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

3. "Any" means "one, some, and every."

4. "Claim(s)" when used herein shall refer to requests for payment submitted by Envision to United for the provision of emergency medical services by Envision.

5. "Communication" shall mean, without limitation, the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, in any manner whatsoever, including statements, correspondence, notes, minutes, memoranda, reports, summaries, letters, phone calls, emails and attachments, text messages, and any other electronic messaging service, including but not limited to iMessage, Facebook Messenger, Slack, Teams, WhatsApp, and/or any internal corporate messaging program, and all oral communications.

6. "Concerning" shall mean, without limitation, regarding, constituting, containing, showing, referring to, discussing, quoting, describing, concerning, reflecting, in connection with, or evidencing in any way, directly or indirectly.

7. "COVID-19 Global Pandemic" shall mean the ongoing global pandemic of coronavirus disease 2019 (COVID-19) caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2). After the virus was first identified in an outbreak in Wuhan, China in December 2019, the World Health Organization declared the outbreak a public health emergency of

1

international concern on January 30, 2020, and a pandemic on March 11, 2020. As of February 2023, the pandemic had caused more than 672 million cases and 6.84 million confirmed deaths, making it one of the deadliest in history.

8. "Describe," "describing," and "set forth" shall mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place, and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communication employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired.

9. "Document" or "Documents" shall mean any and all written, electronic, recorded or graphic material (however produced or reproduced), tapes or other sound or data recordings, and all other tangible objects including but not limited to booklets, procedures, pamphlets, circulars, notices, periodicals, papers, explanation of benefits, contracts, agreements, photographs, agendas, receipts, minutes, memoranda, written instructions, messages, appraisals, analyses, reports, plans, evaluations, statements, financial calculations and presentations, diary entries, time sheets, calendars, phone logs, visitor logs, telephone message slips, correspondence, telegrams, press releases, advertisements, notes, handwritten notes, transcripts, working papers, drawings, schedules, tabulations and projections, blueprints, diagrams, drawings, sketches, pictures, models, plans, specifications, details, photographs, surveys, studies, graphs, charts, films, videotapes, microfiche, printouts, electronic mail messages (or printouts thereof), all other data whether recorded by electronic or any other means, and including drafts of any of the foregoing and any other data in your possession, custody or control, including items that are electronically or

2

physically in storage anywhere. Document includes, but is not limited to, any electronically stored data or paper document. This includes, but is not limited to, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any electronic files saved as a backup, any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly and from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data). If a Document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such copy is deemed non-identical and is to be considered a separate document and must be produced. Documents shall be construed to include all drafts of any material.

10. "Envision" shall mean Envision HealthCare Corporation ("Envision"), and any associated entities, including, but not limited to, Envision's parents, subsidiaries and/or affiliates such as Envision-affiliated medical groups, and their representatives, agents, employees and/or independent contractors, and all other persons, including counsel, acting or purporting to act on Envision's behalf.

11. "Identify," when used in reference to a person, shall mean to provide the person's: (a) full name; (b) present and/or last known business affiliation, including employer, position, and/or job description; and (c) present and/or last known contact information, including business and home addresses, telephone numbers, and email addresses.

12. "Including" shall mean without limitation.

13. "Optum's Emergency Department Claim Analyzer" or the "EDC Analyzer" shall mean the proprietary software tool owned by Optum and used by United for the evaluation, management, and reimbursement of emergency department claims. The EDC Analyzer is more thoroughly described by Optum at https://edcanalyzer.com/ (last visited March 13, 2023).

14. "Optum Evaluation and Management Professional (E/M Pro) tool" or the "E/M Pro tool" shall mean the proprietary software tool owned by Optum and used by United for the evaluation, management, and reimbursement of emergency department claims. The E/M Pro tool is more thoroughly described in United's January 2020 Network Bulletin.[1]

15. "Optum's proprietary scoring tool" shall mean the proprietary software tool owned by Optum and used by United for the evaluation, management, and reimbursement of emergency department claims.

16. "Person" shall mean any natural person, partnership, corporation, or other business entity, and all present and former officers, directors, agents, partners, employees, attorneys, and others acting or purporting to act on behalf of such natural person, partnership, corporation, or other business entity.

17. "United," shall mean UnitedHealth Group Incorporated, United HealthCare Insurance Company, United Healthcare Services, Inc., UMR, Inc., United Health Foundation, and any associated entities, including, but not limited to, United's parents, subsidiaries and/or affiliates, and their representatives, agents, employees and/or independent contractors, and all other persons, including counsel, acting or purporting to act on United's behalf.

---

[1] A copy of the Network Bulletin can be found at https://files.constantcontact.com/a17ad256be/a7f09488-e03f-4d6a-b4be-6040e4204cb2.pdf (last visited July 21, 2023)

18.     "Yale Study" shall mean the paper entitled "Surprise! Out-of-Network Billing for Emergency Care in the United States," by Zack Cooper, Fiona Scott Morton, and Nathan Shekita, dated in or about March 2018, and all drafts, versions, variations, and re-publications thereof, including the Yale ISPS Working Paper of the same title published in or about July 2017.

19.     "You" and "Your" shall refer to Optum, Inc., and any associated entities, including, but not limited to, Optum's parents, subsidiaries and/or affiliates, and their representatives, agents, employees and/or independent contractors, and all other persons, including counsel, acting or purporting to act on Optum's behalf.

20.     All other terms used herein shall have their plain and ordinary meaning.

## INSTRUCTIONS

1.      You must produce all Documents and Information described below that can be located by a reasonable search of materials within Your possession, custody or control, or in the possession, custody or control of Your officers, directors, agents, employees, representatives, affiliated or associated companies or any other person or entity acting or purporting to act on Your behalf.

2.      In responding to the requests, You shall produce all responsive Documents and Information in Your possession, custody, or control at the present time or coming into Your possession, custody, or control after the initial production.

3.      You shall produce each document, along with all drafts thereof, in its entirety without abbreviation or redaction.

4.      If You object to any request in whole or in part, You must state the basis of Your objections in accordance with Rule 45 of the Federal Rules of Civil Procedure, and produce all Documents and Information called for by the portion of the request which You do not object. Any

5

ground not stated in an objection within the time provided, or any extensions thereof, shall be deemed waived. No part of a request shall be left unanswered merely because an objection is interposed to another part of the request. Each objection and the grounds thereof shall be stated separately.

5. Each request below extends to any documents in Your possession, custody or control. The document is deemed to be in Your possession, custody or control if it is in Your physical custody, or if it is in the physical custody of any person or entity and either You (a) own such documents in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such documents on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine or copy such documents on any terms; or (d) have the practicable ability to use, inspect, examine, copy or otherwise obtain such documents. Such documents shall include documents that are in the custody of Your agents, attorneys, and corporate affiliates.

6. Unless otherwise stated, the time period covered by these requests is between January 1, 2018, and the present and up to and including the date on which the documents are produced.

7. Pursuant to the Federal Rules of Civil Procedure, these requests for production of documents are deemed continuing to the fullest extent permissible and to apply to all documents that you subsequently create, develop, discover or receive.

8. You shall produce all electronically stored information.

9. You may produce legible, complete, and exact copies of original documents responsive to these Requests, provided that the originals shall be made available for inspection upon request by counsel for Envision. Any reproduced original provided in electronic form shall be text searchable with Optical Character Recognition.

10. Whenever appropriate, the singular form of a word shall be interpreted in the plural, or vice versa; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

11. These requests are continuing in nature. You must serve supplementary answers promptly whenever You obtain further or different documents or information responsive to these requests and requests.

12. Each request that seeks documents or information relating in any way to communications to, from or within a business and/or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity.

13. If, for any reason, You cannot respond to any document request in full, you must:

    a) Produce each responsive document to the fullest extent possible;

    b) Specify the reasons for your inability to produce the remainder; and

    c) State in detail whatever information, knowledge or belief you have concerning the whereabouts of each document not produced in full.

14. If any document requested was at one time in existence but you know the document has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

    a) The type of document;

    b) Its date;

    c) The date or approximate date it was lost, discarded or destroyed;

7

Case 3:24-cv-01081    Document 3-1    Filed 08/20/24    Page 11 of 19 PageID #: 56

  d)  The circumstances and manner in which it was lost, discarded or destroyed;

  e)  The reason or reasons for disposal of the document (if discarded or destroyed);

  f)  The identity of all persons authorized or having knowledge of the circumstances surrounding the disposal of the document;

  g)  The identity of the person(s) who lost, discarded or destroyed the document; and

  h)  The identity of all persons having knowledge of the content.

15. For any document withheld or redacted on privilege grounds, or any other similar ground, please provide a privilege log with at least the following information:

  a)  The date of the document withheld or the date of the information redacted;

  b)  The basis for withholding or redacting the document;

  c)  A list of all persons who participated in the preparation of the document, and the status of each such person (*i.e.*, attorney or non-attorney);

  d)  A list of all persons who have received or reviewed copies of the document, and the status of each such person (*i.e.*, attorney or non-attorney); and

  e)  A description of the document sufficiently particular to allow evaluation of the claimed basis for withholding the document.

## DOCUMENTS TO BE PRODUCED

1. Documents and Communications sufficient to identify all Optum products and services used by United to receive, evaluate, analyze, and/or process emergency room professional claims, which products shall include but not be limited to Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or any other such Optum product(s), software(s), and related service(s).

    **RESPONSE**:

2. Documents and Communications concerning all Optum products and services used by United to receive, evaluate, analyze, and/or process emergency room claims submitted by Envision, which products shall include but not be limited to Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or any other such Optum product(s), software(s), and related service(s).

    **RESPONSE**:

3. Documents and Communications concerning updates to any Optum product used by United to receive, evaluate, analyze, and/or process emergency room claims submitted by Envision, which updates shall include updates to Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or any other such Optum product(s), software(s), and related services.

    **RESPONSE**:

4. Documents and Communications sufficient to identify the original algorithm and any updates thereto which underlies any Optum product used by United to receive, evaluate, analyze, and/or process emergency room claims submitted by Envision, which updates shall include updates to Optum's Emergency Department Claim Analyzer, Optum's Evaluation and

Management Professional tool, Optum's proprietary scoring tool, and/or any other such Optum product(s), software(s), and related services.

**RESPONSE**:

5. Documents and Communications concerning United's use of Optum's Lynx™ tool to receive, evaluate, analyze, and/or process emergency room professional claims.

**RESPONSE**:

6. Documents and Communications sufficient to identify any Optum product or service used by Untied to flag, target, focus upon, identify, or single out for review emergency room professional claims, including any product or service that allows for application of an "egregious biller" designation or any other designation that would apply increased scrutiny to claims submitted by a particular provider.

**RESPONSE**:

7. Documents and Communications concerning the ability to target, focus upon, or single out certain providers using Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, or any other Optum product or service that allowed United to flag, target, focus upon, identify, or single out for review emergency room professional claims submitted by a particular provider.

**RESPONSE**:

8. Documents and Communications concerning United's claims processed by Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or other Optum product(s) or software(s) to evaluate and/or process emergency room claims by providers, including Envision.

**RESPONSE**

10

Case 3:24-cv-01081   Document 3-1   Filed 08/20/24   Page 14 of 19 PageID #: 59

9. Documents and Communications concerning United's review and/or "stopping" of any claims processed by Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or other Optum product(s) or software(s) to evaluate and/or process emergency room claims by providers, including Envision.

**RESPONSE**

10. Documents and Communications concerning United's adjudication of any claims processed by Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or other Optum product(s) or software(s) to evaluate and/or process emergency room claims by providers, including Envision.

**RESPONSE**:

11. Documents and Communications concerning any Optum "worksheets" utilized by United that provide guidance in the claim review and adjudication process.

**RESPONSE**:

12. Documents and Communications concerning, in any way, changes to United's claims evaluation process after Envision became an "out-of-network" provider with United on or about January 1, 2020.

**RESPONSE**:

13. Documents sufficient to show Optum's organizational structure during calendar years 2018 through 2021, including any applicable corporate lineage (parent and subsidiary companies).

**RESPONSE**:

14. Communications between You and United from January 1, 2020 through the present concerning emergency room claims submitted by Envision.

**RESPONSE:**

15. Communications between You and United from January 1, 2020 through the present concerning whether, and at what rate, United reimbursed emergency room claims submitted by Envision.

**RESPONSE:**

16. Documents and Communications concerning the effect of the COVID-19 Global Pandemic on emergency room and/or urgent care claims submitted by Optum to any insurance provider, including the total number of claims submitted and the acuity levels of claims submitted by providers before and after the onset of the COVID-19 Global Pandemic.

**RESPONSE:**

17. Documents and Communications concerning any analysis by You concerning the number, frequency, rate, payment or denial, and accuracy of Level 4 (CPT Code 99284) and/or Level 5 (CPT Code 99285) claims and charges submitted to United by emergency room providers before and after the onset of the COVID-19 Global Pandemic.

**RESPONSE:**

18. All Documents and Communications concerning the Yale Study.

**RESPONSE:**

**EPSTEIN BECKER & GREEN, P.C.**

By: /s/ Kevin T. Elkins
Kevin T. Elkins (TN BPR No. 033280)
Jeremy A. Oliver (TN BPR No. 029329)

12

Epstein Becker & Green P.C.
1222 Demonbreun St., Suite 1400
Nashville, TN 37203
(615)-564-6060
kelkins@ebglaw.com
joliver@ebglaw.com

Anthony Argiropoulos (*Pro Hac Vice*)
Eric W. Moran (*Pro Hac Vice*)
Epstein Becker & Green P.C.
150 College Road West, Suite 301
Princeton, New Jersey 08540
(609) 455-1540
 AArgiropoulos@ebglaw.com
 EMoran@ebglaw.com

13

Civil Action No. 3:22-CV-00693

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* OPTUM, INC.

on *(date)* 10/30/2023

☒ I served the subpoena by delivering a copy to the named person as follows: OPTUM, INC. C/O THE CORPORATION TRUST COMPANY, 1209 ORANGE ST., WILMINGTON, DE 19801 ACCEPTED BY: ROBIN HUTT-BANKS (MANAGING AGENT) AT 10:30 AM on *(date)* 10/30/2023 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 10/30/2023

*Server's signature*

GILBERT DEL VALLE    PROCESS SERVER

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

SERVED SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION;

AO 88B (Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action)

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| Envision Healthcare Corporation | )  |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:22-cv-00093 |
| I Healthcare Services, Inc. and United Healthcare Insurance Company | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Optum, Inc. c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see attached Schedule A.

| Place: Epstein Becker & Green, P.C. | Date and Time: |
|---|---|
| 3 College Road West, Suite 301 Princeton, NJ 08540 | November 20, 2023 at 5:00 p.m. ET |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

_____    OR    _____[signature]_____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Envision Healthcare , who issues or requests this subpoena, are:

_____ , Esq., Epstein Becker & Green, P.C., 1222 Demonbreun Street, Suite 1400, Nashville, TN 37203

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).