# EXHIBIT C



Hogan Lovells US LLP
80 South Eighth Street
Suite 1225
Minneapolis, MN 55402
T  +1 612 402 3000
F  +1 612 339 5167
www.hoganlovells.com

December 13, 2023

<u>**VIA E-MAIL & MAIL**</u>

Eric W. Moran
Epstein Becker & Green, P.C.
150 College Road West, Suite 301
Princeton, New Jersey 08540
EMoran@ebglaw.com

> Re:     <u>Third Party Subpoena to Optum, Inc. to Produce Documents in *Envision Healthcare Corp. v. United Healthcare Services Inc., et al.* (Case No. 3:22-cv-00693; M.D. Tenn.)</u>

Dear Mr. Moran:

On behalf of Optum, Inc. ("Optum"), I write regarding Envision Healthcare Corporation's ("Envision") non-party subpoena to Optum (the "Subpoena") in the above-referenced matter (the "Litigation"). Attached to this letter are Optum's formal responses and objections to the Subpoena (the "Responses and Objections"). As referenced in the Responses and Objections, this letter provides further context regarding Optum's position with respect to the Subpoena. For the reasons outlined below, the Subpoena appears to be an improper use of non-party discovery and, at best, unnecessary and premature. Nevertheless, we are amenable to meeting and conferring with you regarding the Subpoena to better understand your requests in the context of the Litigation.

<u>**First**</u>, it is improper for Envision to subpoena non-party Optum for documents that appear to be otherwise obtainable from parties in the Litigation, i.e., Defendants United HealthCare Services, Inc. and UnitedHealthcare Insurance Company (collectively, "United"). *See, e.g., Baumer v. Schmidt*, 423 F. Supp. 3d 393, 408 (E.D. Mich. 2019) ("[C]ourts in [the Sixth Circuit] have repeatedly denied motions to compel discovery and quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation.") (collecting cases). Here, Envision's Subpoena appears to violate that basic rule of discovery in a number of ways:

- A majority of Envision's requests relate to documents regarding **United's** use of tools or products provided to United by Optum[1] (e.g., Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11). For

---

[1] Envision's Amended Complaint appears to refer to instances where United has allegedly made use of tools provided by an Optum affiliate and/or where an Optum affiliate has served as a vendor to United. To the extent that such a vendor relationship exists, United may have access to Optum-related materials provided to United pursuant to the parties' vendor-client relationship. Assuming Envision's requests for such materials are relevant and proportional to the needs of the Litigation (and not otherwise objectionable), we believe it is appropriate for Envision to continue to seek discovery for these materials directly from United through the party discovery that is ongoing.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Moscow Munich New York Northern Virginia Paris Perth Philadelphia Rio de Janeiro Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington DC Associated offices Budapest Jakarta Shanghai FTZ Ulaanbaatar Zagreb. Business Service Centers Johannesburg Louisville. For more information see www.hoganlovells.com

example, you broadly seek documents concerning Optum products and services "used by United" to analyze emergency room claims (Request 2). Likewise, you seek "documents and communications" related to "United's use of Optum's Lynx tool . . . " (Request 5) and "Optum 'worksheets' utilized by United that provide guidance in [United's] claim review and adjudication process" (Request 11). Documents regarding "United's use" or conduct should be sought from United, which is a party to the Litigation.

- Nearly all of the Requests are tied to ***United's processing*** of medical claims for ***United's members*** (e.g., Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 17). For example, in Request 10, you seek documents and communications "concerning ***United's adjudication***" of claims processed using certain tools provided to United by Optum. And in Request 12, you seek from Optum documents and communications that relate "in any way" to "***United's*** claims evaluation process" after January 1, 2020. These requests aimed at United and its processing of United member claims should be sought from United—not Optum.

- You seek communications between Optum ***and United*** (e.g., Requests 14, 15). Communications received or sent by United should be sought from United, since it is a party to the Litigation.

**Second**, the Subpoena appears to be an improper attempt to circumvent party discovery between United and Envision that is already underway. We understand that Envision has propounded Requests for Production on United that are substantially the same as, and in many cases identical to, the requests in the Subpoena.[2] We further understand that United and Envision are continuing to meet-and-confer regarding the appropriate scope of discovery and the parameters of document productions. That party discovery process should run its course before Envision resorts to a Subpoena of a non-party like Optum for substantially the same documents Envision has already sought from a party. *See, e.g., Olmstead v. Fentress County, Tenn.*, 2018 WL 6198428 (Nov. 28, 2018, M.D. Tenn.) (Mag. J. Newbern). ("Rule 45 cannot be used to circumvent Rule 34 or other discovery rules.").

**Third**, in addition to the above-referenced concerns, we have made a number of further objections in our formal Responses and Objections. For example, many of the requests are dramatically overbroad and do not appear to be proportional to the needs of the case. For example, you are seeking all documents and communications regarding "the effect of the COVID-19 Global Pandemic on emergency room and/or urgent care claims submitted by Optum to any insurance provider . . . ." (*See* Request 16). Not only is this request duplicative of Request for Production 62 that you propounded on United, it is vague, overbroad, and unduly burdensome, particularly in the context of a non-party subpoena.

As I mentioned above, we are amenable to meeting with you to discuss your subpoena. However, at this time, it seems that the most efficient and sensible way to proceed is for Envision to continue its meet and confer efforts with United. If Envision, after exhausting the meet-and-confer and party discovery process, is unable to obtain relevant, responsive, and discoverable documents from

---

[2] Compare, e.g., United RFP Request 30 (seeking "Documents and Communications related to United's use of and updates to Optum's Lynx tool…") with Subpoena Request 5 (seeking "Documents and Communications concerning United's use of Optum's Lynx tool…").

United that you believe are in Optum's possession, Optum is amenable to discussing production of such documents pursuant to your Subpoena.

Sincerely,

Peter Walsh
peter.walsh@hoganlovells.com
D 612-402-3017
Enclosures

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| ENVISION HEALTHCARE CORPORATION,<br><br>               Plaintiff,<br><br>    v.<br><br>UNITED HEALTHCARE SERVICES, INC. and UNITED HEALTHCARE INSURANCE COMPANY.<br><br>               Defendant. | Case No. 3:22-cv-00693 |

## NON-PARTY OPTUM, INC.'S RESPONSES AND OBJECTIONS TO ENVISION HEALTHCARE CORPORATION'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Optum, Inc. ("Optum"), by and through its attorneys, hereby responds and objects to the document requests (the "Requests") contained in "Schedule A" of Envision Healthcare Corporation's ("Envision" or "Plaintiff") subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action (the "Subpoena") directed to Optum in Case No. 3:22-cv-00693 (M.D. Tenn.) (the "Litigation").

## <u>RESERVATION OF RIGHTS</u>

1.     Optum responds to the Subpoena pursuant to and subject to this Reservation of Rights and the below General Objections, without waiving and expressly preserving all objections therein.  This Reservation of Rights and the below General Objections are incorporated into each specific objection and response below and shall have the same force and effect as if set forth in full in response to each Request.

Case 3:24-cv-01081     Document 3-3     Filed 08/20/24     Page 5 of 25 PageID #: 71

2.      An objection to a Request does not indicate that any documents responsive to the Request in fact exist.  Likewise, an offer to produce responsive documents pursuant to a Request or a failure to object to a Request does not indicate that any documents responsive to the Request in fact exist.  The inadvertent production of any privileged document in response to the Subpoena shall not be deemed to waive any applicable privilege with respect to such document or any other document, or the subject matter thereof.

3.      To the extent the Subpoena encompasses information and documents protected by the attorney-client privilege, work-product doctrine, common interest privilege, or another privilege or immunity from disclosure, Optum does not waive, and hereby asserts and preserves, all such applicable privileges and protections.  Optum expressly reserves the right to withhold any and all documents subject to an applicable privilege or protection, and no inadvertent production of any document, information, or communication that is properly the subject of such privilege or immunity shall be deemed a waiver, in whole or in part, of any such privilege or protection.

4.      The Subpoena appears to call for the production of confidential, proprietary, and/or commercially sensitive non-public information.  To the extent Optum produces any such information in response to the Subpoena, it would be subject to entry of a protective order by the Court in the Litigation.

5.      Optum will not attempt to search for documents beyond its possession, custody, or control, nor will Optum create documents in order to respond to the Subpoena.

6.      These responses are made on the basis of information that is presently known and available to Optum and its attorneys.  Optum provides these responses without prejudice to (i) its right to provide further responses and (ii) its ability to use for any purpose information it later

acquires or appreciates the significance of. Optum submits these responses and objections subject to, without intending to waive, and expressly preserving the right at any time to revise, correct, supplement, or clarify any of the responses or objections herein, including the assertion of additional objections or privileges.

## **GENERAL OBJECTIONS**

7. Optum objects to the Subpoena (including but not limited to the Subpoena's Instructions) to the extent that it is unreasonably cumulative, redundant, or duplicative, or seeks to require more of Optum than any obligation imposed by the Federal Rules of Civil Procedure and the Civil Local Rules of the United States District Court for the Middle District of Tennessee.

8. Optum objects to the Subpoena to the extent that it seeks (i) to require Optum to search for documents that are not currently in its possession, custody, or control, or (ii) to impose upon Optum an obligation to investigate or discover information or material that is already known to Plaintiff or Defendants or that is equally available or readily ascertainable from a party to the Litigation or some other source that is more convenient, less burdensome, or less expensive.

9. Optum objects to the Subpoena on the grounds that it is not directed at the proper entity.

10. Optum objects to the Subpoena to the extent that it subjects Optum to unreasonable and undue annoyance, oppression, burden, and expense, or would seek to impose upon Optum an obligation to investigate or discover information or materials from third parties or sources that are equally accessible to Plaintiff or Defendants.

11. Optum objects to the Subpoena to the extent that it calls for the production of documents from companies, other entities, or individuals who are not a party to the Litigation.

12.     Optum objects to the Subpoena as containing Requests that are duplicative of those already propounded on Defendants in discovery in the Litigation.  Optum incorporates into these General Objections and into Optum's Objections to each specific Request the substantive objections made by United in response to Envision's Requests for Production to United.

13.     Optum objects to the Subpoena on the grounds that it is an attempt to circumvent party discovery in the normal course of the Litigation pursuant to Federal Rules of Civil Procedure Rule 34.

14.     Optum objects to the Subpoena to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege, immunity, protection, or limitation on discovery.  Optum's response to the Subpoena will exclude any privileged information that might otherwise be responsive to the Requests, and its responses are made subject to and without waiving any objection on the basis of any privilege or protection.  Any disclosure of information that is privileged or otherwise protected is inadvertent and shall not operate as a waiver of any claim of such privilege or protection.  Optum reserves the right to object to the use or introduction of privileged information and the right to seek the return of such information.

15.     Optum objects to the Subpoena to the extent that it is vague, ambiguous, or unclear, including Plaintiff's use of terms that are not adequately defined or not otherwise susceptible to any single meaning.

16.     Optum objects to the Subpoena on the grounds and to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of this case.

17.     Optum objects to the Subpoena extent that it seeks information constituting trade secrets, commercially sensitive or otherwise proprietary or confidential information, or information that is protected by the right of privacy (including that of third parties) afforded by the United States Constitution, HIPAA, or any other applicable statutory, common or case law.

18.     Optum also objects to the Subpoena to the extent it seeks to require Optum to do more than use reasonable diligence to locate responsive documents.  If Optum produces documents in response to the Subpoena, Optum will do so after conducting a diligent search, reasonable and proportionate in scope, of the files in its possession, custody, or control, believed to be the most likely to contain documents responsive to the Requests.  Optum has not and will not, however, undertake to search or review each and every file and record in its possession, custody, or control, because to do so would be unduly burdensome and expensive.  To the extent the Requests purport to require Optum to do more than the foregoing, Optum objects.

19.     Optum objects to the Subpoena to the extent it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

20.     Optum objects to the Subpoena to the extent it seeks to have Optum produce information in a manner other than in the manner in which such information is kept in the ordinary course of business.

21.     If Optum agrees to produce documents in response to a Request, such a response does not constitute a representation that responsive documents exist, but only that responsive documents will be produced if they exist and can be located with a reasonable and diligent search.

22.     Optum objects to the Subpoena to the extent that it contains express or implied assumptions of fact or law with respect to matters at issue in this action. Optum's responses and

objections to the Subpoena are not intended to, and shall not, be construed as an agreement or concurrence by Optum with any characterization of any facts or circumstances at issue in this action. Instead, Optum expressly reserves the right to contest any such characterization as inaccurate.

23. Optum objects to the Subpoena to the extent that it requires production of documents without reasonable time limitations as overly broad, unduly burdensome, and not relevant or proportional to the needs of the case.

24. To the extent Optum produces documents or things in response to the Subpoena, it will do so within a reasonable time and within any schedule set for discovery by the Court's orders and applicable Federal and Local Rules.

25. Optum objects to the definitions of the terms "You" and "Your" in Schedule A on the ground that that they are overly broad to the extent they would require Optum to respond on behalf of any other person or entity, including but not limited to corporate affiliates, parents, or subsidiaries.

26. Optum objects to the definition of the term "United" in Schedule A as overly broad. In responding to the Subpoena, Optum will interpret this term as referring to Defendants United HealthCare Services, Inc. and UnitedHealthcare Insurance Company (the "Defendants").

27. Optum objects to the definitions of the terms "Document(s)" and "Communications" in Schedule A as vague and ambiguous, unduly burdensome, overly broad, and not relevant or proportional to the needs of the case.

28. Optum objects to the definition of the term "Claim(s)" in Schedule A as vague and ambiguous, unduly burdensome, overly broad, and not relevant or proportional to the needs of the case.

29.     Optum objects to the Definition of the term "Concerning" in Schedule A as vague and ambiguous, unduly burdensome, overly broad, and not relevant or proportional to the needs of the case.

30.     Optum objects to the Definition of the term "COVID-19 Global Pandemic" in Schedule A as vague and ambiguous, unduly burdensome, overly broad, and not relevant or proportional to the needs of the case.

31.     Optum objects to the Definition of the term "Describe" in Schedule A as vague and ambiguous, unduly burdensome, overly broad, and not relevant or proportional to the needs of the case.  If Plaintiff is demanding that Optum generate written responses and information in response to the Subpoena, such discovery is improper and inconsistent with the scope of Rule 45 of the Federal Rules of Civil Procedure.

32.     Optum objects to the Definitions of the terms "Optum Emergency Claim Analyzer," "EDC Analyzer," "Optum Evaluation and Management Professional (E/M Pro) tool," "E/M Pro tool," and "Optum's proprietary scoring tool" as vague and ambiguous and to the extent they contain express or implied factual assumptions.  Optum's responses and objections to the Requests are not intended to, and shall not, be construed as an agreement or concurrence by Optum with such characterizations.  Instead, Optum expressly reserves the right to contest any such characterization as inaccurate.

33.     Optum objects to the definition of the term "Yale Study" in Schedule A to the extent it is vague and ambiguous, unduly burdensome, overly broad, not relevant or proportional to the needs of the case, and outside of Optum's possession, custody, or control.

## SPECIFIC OBJECTIONS TO REQUESTS

Subject to and consistent with the above (i) Reservation of Rights and (ii) General Objections, Optum responds to the Requests as follows:

## SCHEDULE A

**REQUEST NO. 1:**

Documents and Communications sufficient to identify all Optum products and services used by United to receive, evaluate, analyze, and/or process emergency room professional claims, which products shall include but not be limited to Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or any other such Optum product(s), software(s), and related service(s).

**RESPONSE TO REQUEST NO. 1:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to "products and services" and "related services." Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 2:**

Documents and Communications concerning all Optum products and services used by United to receive, evaluate, analyze, and/or process emergency room claims submitted by Envision, which products shall include but not be limited to Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or any other such Optum product(s), software(s), and related service(s).

**RESPONSE TO REQUEST NO. 2:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to "products and services" and "related services." Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

## REQUEST NO. 3:

Documents and Communications concerning updates to any Optum product used by United to receive, evaluate, analyze, and/or process emergency room claims submitted by Envision, which updates shall include updates to Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or any other such Optum product(s), software(s), and related services.

## RESPONSE TO REQUEST NO. 3:

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to "updates," "product," and "related services." Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that

party.  Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

## REQUEST NO. 4:

Documents and Communications sufficient to identify the original algorithm and any updates thereto which underlies any Optum product used by United to receive, evaluate, analyze, and/or process emergency room claims submitted by Envision, which updates shall include updates to Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or any other such Optum product(s), software(s), and related services.

## RESPONSE TO REQUEST NO. 4:

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to the terms "original algorithm," "updates," "product," and "related services."  Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation.  Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party.  Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 5:**

Documents and Communications concerning United's use of Optum's Lynx™ tool to receive, evaluate, analyze, and/or process emergency room professional claims.

**RESPONSE TO REQUEST NO. 5:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 6:**

Documents and Communications sufficient to identify any Optum product or service used by Untied to flag, target, focus upon, identify, or single out for review emergency room professional claims, including any product or service that allows for application of an "egregious biller" designation or any other designation that would apply increased scrutiny to claims submitted by a particular provider.

**RESPONSE TO REQUEST NO. 6:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to the terms "flag," "target," "focus upon," "identify," "single out" and "increased scrutiny." Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the

needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

## REQUEST NO. 7:

Documents and Communications concerning the ability to target, focus upon, or single out certain providers using Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, or any other Optum product or service that allowed United to flag, target, focus upon, identify, or single out for review emergency room professional claims submitted by a particular provider.

## RESPONSE TO REQUEST NO. 7:

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum objects to this Request as vague and ambiguous as to the terms "flag," "target," "focus upon," "identify," and "single out." Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 8:**

Documents and Communications concerning United's claims processed by Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or other Optum product(s) or software(s) to evaluate and/or process emergency room claims by providers, including Envision.

**RESPONSE TO REQUEST NO. 8:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 9:**

Documents and Communications concerning United's review and/or "stopping" of any claims processed by Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or other Optum product(s) or software(s) to evaluate and/or process emergency room claims by providers, including Envision.

**RESPONSE TO REQUEST NO. 9:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to "stopping of claims . . . ." Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 10:**

Documents and Communications concerning United's adjudication of any claims processed by Optum's Emergency Department Claim Analyzer, Optum's Evaluation and Management Professional tool, Optum's proprietary scoring tool, and/or other Optum product(s) or software(s) to evaluate and/or process emergency room claims by providers, including Envision.

**RESPONSE TO REQUEST NO. 10:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further

objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 11:**

Documents and Communications concerning any Optum "worksheets" utilized by United that provide guidance in the claim review and adjudication process.

**RESPONSE TO REQUEST NO. 11:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to the term "worksheets utilized by United." Optum further objects to this Request to the extent it is duplicative of requests already propounded to a party to the Litigation. Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 12:**

Documents and Communications concerning, in any way, changes to United's claims evaluation process after Envision became an "out-of-network" provider with United on or about January 1, 2020.

**RESPONSE TO REQUEST NO. 12:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to the term "claims evaluation process." Optum further objects to this Request to the extent it is duplicative of requests already propounded to a party in the Litigation. Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 13:**

Documents sufficient to show Optum's organizational structure during calendar years 2018 through 2021, including any applicable corporate lineage (parent and subsidiary companies).

**RESPONSE TO REQUEST NO. 13:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to the terms "organizational structure" and "corporate lineage." Optum further objects to this Request to the extent it is duplicative of requests already propounded to a party to the Litigation. Optum further

objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 14:**

Communications between You and United from January 1, 2020 through the present concerning emergency room claims submitted by Envision.

**RESPONSE TO REQUEST NO. 14:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 15:**

Communications between You and United from January 1, 2020 through the present concerning whether, and at what rate, United reimbursed emergency room claims submitted by Envision.

**RESPONSE TO REQUEST NO. 15:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to the reference to the "rate" of "reimburse[ment]." Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 16:**

Documents and Communications concerning the effect of the COVID-19 Global Pandemic on emergency room and/or urgent care claims submitted by Optum to any insurance provider, including the total number of claims submitted and the acuity levels of claims submitted by providers before and after the onset of the COVID-19 Global Pandemic.

**RESPONSE TO REQUEST NO. 16:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to "effect of the COVID-19 Global Pandemic" and "onset of the COVID-19 Global Pandemic." Optum further

objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 17:**

Documents and Communications concerning any analysis by You concerning the number, frequency, rate, payment or denial, and accuracy of Level 4 (CPT Code 99284) and/or Level 5 (CPT Code 99285) claims and charges submitted to United by emergency room providers before and after the onset of the COVID-19 Global Pandemic.

**RESPONSE TO REQUEST NO. 17:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as vague and ambiguous as to "analysis" and "onset of the COVID-19 Global Pandemic." Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to United, a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control.

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

**REQUEST NO. 18:**

All Documents and Communications concerning the Yale Study.

**RESPONSE TO REQUEST NO. 18:**

Optum incorporates its Reservation of Rights and General Objections into this response.

Optum further objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. Optum further objects to this Request to the extent it is duplicative of requests already propounded to a party to the Litigation. Optum further objects to this Request to the extent it seeks documents or information accessible to United and thus more appropriately sought through discovery from that party. Optum further objects to this Request to the extent it seeks documents outside of Optum's possession, custody, or control

Subject to and consistent with all of its Objections, please refer to Optum's December 13, 2023 cover letter accompanying these objections and responses, which is incorporated herein as if set forth in full, for further information regarding Optum's objections and responses.

Dated:  December 13, 2023                     */s/ Peter Walsh*

**HOGAN LOVELLS US LLP**
Peter Walsh
80 South Eighth Street
Suite 1225
Minneapolis, MN 55402
Telephone: (612) 402-3000
Facsimile: (612) 339-5167
Email:  peter.walsh@hoganlovells.com

*Counsel for Optum, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On December 13, 2023, I served a true copy of the document described as:

**1.**     ***NON-PARTY OPTUM, INC.'S RESPONSES AND OBJECTIONS TO ENVISION HEALTHCARE CORPORATION'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION***

**2.**     ***COVER LETTER FROM P. WALSH TO E. MORAN (12/13/23)***

| | |
|---|---|
| Eric W. Moran, Esq. | Counsel for Plaintiff, |
| Kevin Elkins, Esq. | *Envision Healthcare Corporation* |
| **EPSTEIN, BECKER & GREEN, P.C.** | |
| 150 College Road West, Suite 301 | |
| Princeton, New Jersey 08540 | |
| emoran@ebglaw.com | |
| kelkins@ebglaw.com | |

Service was executed as by causing delivery of the aforementioned document to the person(s) indicated above in the manner specified as follows:

**BY ELECTRONIC SERVICE:** My electronic business address is zarita.pereira@hoganlovells.com and I caused the above-referenced document to be electronically served to the party(ies) indicated above.

**BY MAIL:** I caused the above-referenced document to be placed in a sealed envelope or packaged, addressed to the pary(ies) indicated above. I am readily familiar with this business's practice for collecting and processing for mailing. On the same day an item is placed out for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I hereby certify under the penalty of perjury the foregoing is true and correct.

_____

ZARITA PEREIRA