# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: SUBPOENA TO OPTUM, INC.<br><br>**Respondent.**<br><br><br><br>Movant: Envision Healthcare Operating, Inc.<br><br>**Movant.** | Case No. 3:24-cv-01081 |

*Underlying Actions*

| | |
|---|---|
| ENVISION HEALTHCARE OPERATING, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC. and UNITED HEALTHCARE INSURANCE COMPANY<br><br>Defendants. | Related Case Nos.: 3:22-cv-00693 (M.D. Tenn.) & 3:22-cv-00697 (M.D. Tenn.) |

**ENVISION HEALTHCARE OPERATING, INC.'S RENEWED MOTION TO COMPEL OPTUM, INC.'S COMPLIANCE WITH SUBPOENA AND INCORPORATED MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"), Envision Healthcare Operating, Inc. ("Envision") files this renewed motion to compel requesting an order compelling non-party Optum, Inc. ("Optum") to produce the documents and information requested in Envision's subpoena *duces tecum* (the "Subpoena") served on Optum on October 30, 2023. (*See* Declaration of Eric W. Moran ("Moran Decl."), Ex. A, Docket Entry ("D.E.") 3-1).[1]

This action was originally filed in the District of New Jersey pursuant to Rule 45 on August 20, 2024 (*See* D.E. 1). Envision concurrently filed a motion to transfer this action to the Middle District of Tennessee. (*See* D.E. 2). Optum consented to Envision's motion to transfer on August 23, 2024. (*See* D.E. 7). On September 6, 2024, United States District Court Judge Robert A. Kirsch granted Envision's motion to transfer, transferring this action to the Middle District of Tennessee. (*See* D.E. 11). That same order denied without prejudice Envision's motion to compel. (*Id.*). As a result, and the transfer having been effectuated (D.E. 12), Envision hereby renews its motion to compel through this filing.

**INTRODUCTION**

Envision is a leading national medical group that delivers physician and advanced practice provider services, including in the area of emergency medicine. Envision alleges in the Lawsuit that United Healthcare Services, Inc. and United Healthcare Insurance Company (collectively "United") engaged in a systematic and fraudulent scheme to harm Envision by wrongfully "pending," "adjusting," and outright denying thousands of insurance reimbursement claims submitted by Envision, ultimately depriving Envision of millions of dollars which it is rightfully owed. (*See* Case No. 3:22-cv-693, D.E. 29 at ¶¶ 41–45, 165). United carried out this unlawful

---

[1] The Subpoena was issued in the matter of *Envision Healthcare Operating, Inc. v. United Healthcare Services, Inc., et al.*, Case No. 3:22-cv-00693 (M.D. Tenn.) (the "Lawsuit").

scheme by utilizing tools, products, algorithms and/or software of its affiliate, Optum, which enables United to target Envision's reimbursement claims without justification. (*Id.* at ¶¶ 152–155). Optum is alleged to have combined with the United defendants in a RICO enterprise to defraud Envision and is implicated extensively throughout the factual allegations and causes of action asserted in Envision's Amended Complaint. (*Id.* at ¶¶ 10–11, 30, 45, 68–112, 119–176, 184–215, 230–246).

Envision seeks an order compelling non-party Optum to comply with a lawfully-issued Rule 45 subpoena *duces tecum*. The information requested in the Subpoena is directly relevant to Envision's civil racketeering, fraud, and civil conspiracy claims against United, and is necessary to investigate the extent of Optum's involvement in United's denial and downcoding campaign against Envision.

Despite the limited scope and clear relevance of the information sought in the Subpoena, Optum has asserted blanket, boilerplate objections, and refuses to search for or produce any documents until Envision first exhausts party discovery. There is no basis under the Federal Rules of Civil Procedure or federal case law interpreting those rules that permits Optum to refuse to search for and withhold the production of non-privileged, responsive materials until a time of its choosing. Optum has neither complied with its Rule 45(e) duties nor met its burden of proving that the Subpoena imposes an undue burden upon it. Accordingly, Envision respectfully requests that the Court order Optum to produce all non-privileged documents and electronically stored information ("ESI") responsive to the requests in the Subpoena.

## FACTUAL BACKGROUND

Envision served Optum with a Rule 45 Subpoena on October 30, 2023. (*See* Moran Decl., Ex. A, D.E. 3-1).[2] Optum served its responses and objections to the Subpoena on December 13, 2023, together with a cover letter from Optum's counsel. (*See* Moran Decl., Ex. C, D.E. 3-3).

On April 23, 2024, counsel for Envision engaged in a telephonic meet-and-confer with Optum's counsel in a good faith effort to resolve Optum's objections to the Subpoena without judicial intervention. During this call, when asked about Optum's corporate relationship with United, counsel for Optum stated "it depends," and that it is "not a clean answer." (*See* Moran Decl., D.E. 3 at ¶ 9). Optum's counsel further stated that Optum is an "affiliate" of United through UnitedHealth Group, Inc., but that Optum is a separate entity that "operates separately" and that Optum is "not a subsidiary of UHC, or vice versa." (*Id.*). Optum's counsel described Optum as a "vendor" of United whose tools are "purportedly used" by United. (*Id.*). Consistent with this position that Optum is not simply a vessel of United or vice versa, in testimony before the United States Senate Finance Committee dated May 1, 2024, UnitedHealth Group Chief Executive Officer Andrew Witty testified that United and Optum are "distinct and complementary businesses." (Moran Decl., Ex. D, D.E. 3-4).

Additionally, Optum's counsel stated during the April 23, 2024 call that he was unaware that United, in its Initial Disclosures, identified Jaclyn Miller, a Senior Director of the Growth and Solutions Delivery Team at Optum, as an individual likely to have discoverable information, and that United further instructed Envision to contact Ms. Miller through counsel for United.[3] (Moran

---

[2] Envision also served United with contemporaneous notice of its service of the Subpoena to Optum. (*See* 10/27/2023 Email from K. Elkins to Counsel for United. Moran Decl., Ex. B, D.E. 3-2).

[3] Moran Decl., Ex. E, D.E. 3-5.

Decl., D.E. 3 at ¶ 10). Nor was Optum's counsel aware that the Verifications to United's Objections and Responses to Envision's First Set of Interrogatories were signed by Optum employees.[4] (*Id.* at ¶ 11).

Despite this, counsel for Optum maintained the position that Optum would not respond to the Subpoena at that time because to do so would "circumvent party discovery already underway." (*Id.* at ¶ 8). When asked if Optum's documents would be available in party discovery, however, counsel for Optum stated "I don't know" and that that would be a "question for United." (*Id.* at ¶ 12). Counsel for Optum also stated that Optum would not respond to discovery requests issued pursuant to Federal Rules of Civil Procedure 33 or 34 because Optum was "not a party" to the matter. (*Id.* at ¶ 13). Further, Optum's counsel unilaterally asserted as a condition precedent to any compliance by Optum with the Subpoena that Envision and United complete party discovery. (*Id.* at ¶ 14). Optum's counsel further stated that United is the best party to confirm what documents and information United has access to through Optum's system and whether United has the documents Envision seeks, and, if United does not have the documents, that Optum would "backfill in [documents] but only after a court determination of what is or is not discoverable in the first place." (*Id.* at ¶ 15).

Following the meet-and-confer call, Optum's counsel sent a letter maintaining its unilaterally-imposed condition to compliance because, as Optum put it, the requests in the Subpoena "appear to be premature" and "otherwise obtainable from party Defendants." (*See* Moran Decl., Ex. H, D.E. 3-8).

Envision responded to Optum on June 3, 2024, noting that Optum's May 24 letter fails to address key inquiries that were discussed during the April 23, 2024 teleconference (*i.e.*, why

---

[4] Moran Decl., Exs. F & G, D.E. 3-6, 3-7.

United's interrogatory responses were verified by employees of Optum if Optum is not a party, and why Optum employees were identified in United's Initial Disclosures as individuals likely to have discoverable information, yet Optum maintains discovery cannot be had from it). (*See* Moran Decl., Ex I, D.E. 3-9). Envision further stated that Optum's position fails to address that any responsive documents in Optum's possession that United does not possess, including internal Optum documents, must be produced. Finally, Envision advised Optum that it intends to initiate a miscellaneous action to compel Optum's compliance with the Subpoena if Optum maintained its blanket refusal to produce any documents. (Moran Decl., D.E. 3 at ¶ 20).

In a June 11, 2024 letter to Envision, Optum maintained that the "key 'outstanding' issue is that the Subpoena improperly requests documents that can be obtained from United" and continued to assert that Optum is, at most, only obligated to produce "relevant and discoverable documents . . . that United has been unable to produce." (*See* Moran Decl., Ex. J, D.E. 3-10). On July 1, 2024, Envision issued a response letter as a final attempt to resolve the dispute before seeking judicial intervention. (*See* Moran Decl., Ex. K, D.E. 3-11). Optum did not respond. (*See* E. Moran Decl., D.E. 3 at ¶ 27).

In light of Optum's position, Envision sent a letter to United on July 2, 2024, requesting clarification from United regarding how United intends to collect and produce responsive documents in this litigation and the role Optum will play in United's document collection. (*See* Moran Decl., Ex. L, D.E. 3-12). United did not respond until August 13, 2024, at which time United asserted that it purportedly intends "to collect and produce the Optum custodial documents in the same manner as the United custodial documents." (Moran Decl., Ex. M, D.E. 3-13). However, United did not indicate whether or to what degree they control Optum documents. (*Id.*)

5
Case 3:24-cv-01081   Document 14   Filed 09/09/24   Page 6 of 15 PageID #: 11

To Envision's knowledge, Optum has not searched for or produced any documents to date, nor has it filed any motion to quash the Subpoena. Envision and Optum continue to disagree regarding the objections Optum has asserted in response to the Subpoena and whether Optum is permitted to refuse to search for and produce non-privileged responsive documents until Envision has exhausted party discovery. At this juncture, Envision and Optum are at an impasse and cannot reach agreement on these issues without court intervention.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 "allows parties to issue subpoenas directing non-parties to produce documents relevant to a litigation." *Fusion Elite All Stars v. Rebel Athletic Inc.*, No. 21-mc-00028-SHL-tmp, 2022 WL 1274965, at *4 (W.D. Tenn. Apr. 28, 2022). "[T]he scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *AT&T Umbrella Benefit Plan No. 3 v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 21-mc-00006-SHL-atc, 2021 WL 4059297, at *2 (W.D. Tenn. Aug. 17, 2021) (quoting *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, 364 F. Supp. 3d 758, 767 (E.D. Mich. 2018)). "Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]'" *Fusion Elite All Stars*, 2022 WL 1274965, at *4 (quoting Fed. R. Civ. P. 26(b)(1)).

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Large on behalf of Large v. Blazer*, 3:20-CV-1012, 2022 WL 99986, at *2 (M.D. Tenn. Jan. 10, 2022) (citing *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)). "When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for

undue burden or harm." *Id.* (citing *NaphCare Inc.*, 311 F.R.D. at 463). Courts look at several factors in making this determination, including "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). Where, as here, the information sought in the subpoena is clearly within the scope of relevant discovery, proportional to the needs of the case, and will not impose an undue burden, the Court should direct Optum to comply with a valid third-party subpoena.

**ARGUMENT**

**I.   THE MOTION TO COMPEL SHOULD BE GRANTED**

Optum is obligated to produce documents in response to the lawfully-issued Subpoena. The Federal Rules do not require Envision to exhaust all avenues with United before seeking discovery from Optum, as Optum contends. Rather, Rule 45 provides that a party may compel production of documents within the 'possession, custody, or control' of non-parties. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii), (d)(2)(B). Moreover, and contrary to Optum's incorrect position, "there is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, nor is there an absolute rule providing that the party must first seek those documents form an opposing party before seeking them from a nonparty." *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, 12-CV-11500, 2013 WL 10936871, at *11 (E.D. Mich. Nov. 26, 2013) (quoting *Software Rights Archive, LLC v. Google Inc.*, No. 2:07-CV-511, 2009 WL 1438249, at *2 (D. Del. May 21, 2009)); *Em v. Pyramyrd Air*, Ltd, No. 1:10-CV-01054, 2010 WL 1161435, at *2 (N.D. Ohio Sept. 10, 2010) ("The Court agrees that there is no authority for [defendant's] argument that [plaintiff] is not entitled to seek identical discovery from two entities and/or must seek the information from a party prior to seeking the same information from a non-

7

party."). Additionally, the scope of the information sought in Envision's Subpoena exceeds that which is believed to be in United's possession, custody, or control, including documents and communications wholly internal within Optum.

### A. Optum possesses documents and communications that are relevant to the central issues in this case.

The discovery that has occurred to date in this case has unequivocally established that Optum possesses information that is relevant to the Lawsuit. Indeed, United has repeatedly identified Optum employees as the most relevant sources of discoverable and responsive information. For example, in United's June 7, 2024 letter regarding the ESI Protocol in the Lawsuit, United identifies the ten most likely custodians of ESI and lists six individuals who are employed by Optum. (*See* Moran Decl., Ex. N, D.E. 3-14). United's Initial Disclosures, dated November 17, 2022, identify Jaclyn Miller, a Senior Director of the Growth and Solutions Delivery Team at Optum, as an individual likely to have discoverable information. (*See* Moran Decl., Ex. E, D.E. 3-5). What is more, Ms. Miller signed the Verification to United's First Supplemental Responses to Envision's First Set of Interrogatories in her capacity as a Senior Director of Payment Integrity at Optum. (*See* Moran Decl., Ex. G, D.E. 3-7). Further, United's initial Objections and Responses to Envision's First Set of Interrogatories dated October 6, 2023, were also verified by an Optum employee, Michelle Mann, Associate Director of Clinical Operations at Optum. (*See* Moran Decl., Ex. F, D.E. 3-6). Accordingly, Optum possesses documents, communications, and information that are relevant to central issues in this case.

### B. Optum's contention that United may possess some of the documents Envision seeks is does not justify its refusal to comply with the Subpoena.

There is no basis for Optum's refusal to search for or produce any documents until Envision first exhausts party discovery.

8
Case 3:24-cv-01081   Document 14   Filed 09/09/24   Page 9 of 15 PageID #: 14

The mere existence of party discovery, and the possibility that documents may be obtained in that process, does not relieve a subpoenaed party from its Rule 45 obligations. *See Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. 2018) ("Rule 45 does not require a party to demonstrate that information cannot be obtained from another party before subpoenaing it from a third party. Rather, it requires that 'the documents subpoenaed [be] within the control of the nonparty witness.'" (quoting *Highland Tank & Mfg. Co. v. PS International, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005)); *State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C.*, No. 2007-cv-0051, 2007 WL 2993840, at *1 (E.D.N.Y. Oct. 10, 2007) ("[N]othing in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas.").

Nor is a party relieved of its obligation to respond to a Rule 45 subpoena merely because the requested information could be theoretically obtained through party discovery. *See Covey Oil Co. v. Cont'l Oil Co.*, 340 F.2d 993, 998 (10th Cir. 1965) ("The fact that [evidence] might be obtained, at least in part, from others has no pertinence because a person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another."). Indeed, "there is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, nor is there an absolute rule providing that the party must first seek those documents from an opposing party before seeking them from a non-party." *Software Rts. Archive, LLC*, 2009 WL 1438249, at *2 (quoting *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, No. 4:08-mc-00017, 2008 WL 4853620, at *2 (E.D. Ark. Nov. 6, 2008)).

There is no legal basis for Optum's position that Envision must complete party discovery before Optum is obligated to comply with the Subpoena. Rather, Optum must comply with its

obligations under Rule 45 to produce responsive documents that are in its possession, custody, or control.

      **C.    Optum cannot circumvent its independent obligation to comply with the Subpoena by relying on United's assurance that it will produce some of the documents Envision seeks from Optum.**

United's assertion in its letter received August 13, 2024 that it intends to collect and produce some of the documents and information requested in the Subpoena does not alleviate Optum of its independent obligation to comply with the Subpoena. After 10 months of silence on the topic since receiving notice of the Subpoena, United now asserts that it will search documents of Optum—United's "vendor," which is neither its corporate parent nor subsidiary—in response to discovery requests Envision has propounded on United is not a substitute for Optum's duty to respond and produce documents that are responsive to the Subpoena.

On July 2, 2024, Envision sent a letter to United requesting clarification regarding the role Optum will play in United's document collection. (*See* Moran Dec., Ex. L, D.E. 3-12). After repeated follow-ups, United responded to Envision's July 2nd letter on August 13, 2024, and asserted that "Optum's role in this case relates to services provided by Optum as a vendor of United" and "United is not considering Optum data, as it relates to the issues in this case, a non-party data source." (*See* Moran Decl., Ex. M, D.E. 3-13). United further stated that it intends "to collect and produce the Optum custodial documents in the same manner as the United custodial documents." (*Id.*). As United specified in its letter, however, United only intends to search and produce documents "consistent with United's responses and objections to Envision's discovery requests." (*Id.*). And United has objected to the production of the majority of the documents Envision seeks related to Optum's tools, algorithms, and software. (*See* Moran Decl., Ex. O, D.E. 3-15 at pp. 18–25).

For example, Envision has requested that United produce documents and communications regarding United's use of Optum's proprietary tools to target claims submitted by certain providers. (*Id.* at p. 21). Although this request plainly seeks documents and information related to Envision's allegations in this Lawsuit (*see* Case No. 3:22-cv-00693, D.E. 29 at ¶ 152), United objected to the production of *any* documents or information related to this request on the basis that it is not relevant because "none of Envision's claims for reimbursement were 'target[ed]' or 'single[d] out' by United during the applicable period of time." (Moran Decl., Ex. O, D.E. 3-15 at p. 22). Envision is not bound to trust the unsubstantiated and unverified factual assertions United relays in support of its objections to Envision's discovery requests. Rather, this is precisely why Envision is entitled to subpoena this information directly from Optum—to enable Envision to review and evaluate this information itself to determine whether United's assertions are true.

United and Optum are acting in concert in an effort to funnel appropriately-requested Rule 45 information through United's onerous objections and positions in party discovery. As the case law and Rule 45 dictate, however, United's possession of and intent to collect and produce *some* of the documents and information requested in the Subpoena (i.e., only those documents similarly sought from United in party discovery) does not alleviate Optum of its obligation to comply with the Subpoena. The scope of the information sought in the Subpoena exceeds that which has been requested from United and that is understood to be within United's possession, and extends to documents that may be exclusively in Optum's possession.

For example, in Request Nos. 1–11 of the Subpoena, Envision seeks discovery from Optum regarding the functionality of its tools, algorithms, and software, which is critically relevant to Envision's civil RICO, conspiracy, and fraud claims. (*See* Moran Decl., Ex. A, D.E. 3-1 at pp. 12–14). Optum furnishes the products that enable the United enterprise to target Envision's

reimbursement claims, and to zero in on claims for treatment of the most serious medical cases. (*See* Case No. 3:22-cv-00693, D.E. 29 at ¶ 152). The Optum products and services at issue in the Subpoena requests are not incidental to Envision's claims; rather, they are the instrumentalities of the alleged fraud. And these requests encompass Optum's internal documents and communications, which United would have no reason to possess, and has not indicated it will produce in party discovery.

Similarly, Request No. 13 of the Subpoena seeks "[d]ocuments sufficient to show Optum's organizational structure during calendar years 2018 through 2021, including any applicable corporate lineage (parent and subsidiary companies)." (*See* Moran Decl., Ex. A, D.E. 3-1 at p. 14). The interrelatedness of the RICO enterprise members/coconspirators is a fundamental question in RICO and civil conspiracy claims. Additionally, this information is necessary to the extent Envision needs to demand additional information or documents from Optum, including depositions of pertinent decisionmakers at Optum that are not identified during party discovery. Envision has repeatedly attempted to obtain this information directly from United through written discovery, to no avail. Further, as reflected by Optum counsel's commentary during the April 23, 2024 meet-and-confer telephone call between Optum and Envision, the nature of Optum's corporate relationship is evidently complex and necessitates clarification. (*See* Moran Decl., D.E. 3 at ¶ 9).

Moreover, United's repeated designation of and reliance on Optum-affiliated individuals as the most likely sources of relevant and responsive information make clear that Optum—the entity that developed, supplied and provided support for any tools, products, software, or algorithms utilized by United to process and evaluate Envision's claims for reimbursement—is the

only entity that can provide the narrowly tailored technical information requested in the Subpoena with any degree of certainty. (*See* Moran Decl., Exs. E, F, & G, D.E. 3-5 – 3-7).

Optum should not be permitted to act in concert with United to play a corporate shell game to evade Optum's Rule 45 obligations. A duty has attached for Optum to respond to the Subpeona. There is no basis under the Federal Rules of Civil Procedure, federal case law interpreting those rules, or otherwise, for Optum to withhold the production of nonprivileged, responsive materials until a time of its choosing. This is true particularly when the documents at issue are highly relevant and necessary for Envision's counsel to litigate its case.

## Conclusion

For the foregoing reasons, Envision respectfully requests that the Court grant its Motion to Compel and order Optum to produce all non-privileged documents and information requested in Envision's Subpoena within 7 days of the Court's order.

Dated: September 9, 2024 	Respectfully Submitted,

**EPSTEIN BECKER & GREEN, PC**

*/s/ Kevin T. Elkins*
Kevin T. Elkins (TN BPR No. 033280)
1222 Demonbreun St., Suite 1400
Nashville, TN 37203
(615)-564-6060
kelkins@ebglaw.com

Eric W. Moran (*Pro Hac Vice Forthcoming*)
Anthony Argiropoulos (*Pro Hac Vice Forthcoming*)
150 College Road West, Suite 301
Princeton, New Jersey 08540
(609) 455-1540
EMoran@ebglaw.com
AArgiropoulos@ebglaw.com

*Counsel for Envision Healthcare Operating, Inc.*

13

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 9th day of September 2024, I electronically filed a true and correct copy of the foregoing with the Clerk of Court via the CM/ECF system which is expected to send notification of such filing and service upon the following:


Allison M. Wuertz
HOGAN LOVELLS US LLP
390 Madison Ave
New York, NY 10017
(212) 918-3000
allison.wuertz@hoganlovells.com

Brittany Armour
HOGAN LOVELLS US LLP
1735 Market St., Floor 23
Philadelphia, PA 19103
(267) 675-4600
brittany.armour@hoganlovells.com

*Counsel for Optum, Inc.*


                */s/ Kevin T. Elkins*
                Kevin T. Elkins